[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS TO STRIKE NOS. 125, 128
On March 27, 1995, motion to strike No. 125, filed by defendant, Elie Coury, was on the short calendar arguable list. Coury asserted in his motion that since he represented Nancy Burton's adversary in the prior action, she had no standing to bring a CUTPA claim, pursuant to General Statutes, Sec. 42-110b
et seq., against him in this action. On March 28, 1995, motion to strike No. 128 was filed by defendants, Joseph Dimyan and Pinney, Payne, Van Lenten, Burrell, Wolfe Dillman ("Pinney"). Pinney also argued that Burton had no standing to bring a CUTPA claim against it and Dimyan, since Dimyan, an attorney at Pinney, represented Burton's adversary in the prior action.
On July 10, 1995, the court rendered a memorandum of decision on the Pinney motion to strike when the only motion properly claimed to the short calendar, and therefore before it, was the Coury motion to strike. As a result, the court vacates the rulings contained in the July 10, 1995 memorandum of decision on Pinney's motion to strike.
Moreover, since the one hundred twenty (120) day period in which to render a decision ran on July 25, 1995, the court will decline to rule on the Coury motion to strike. See Practice Book, Sec. 211A.
Stodolink, J.